**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

CASE NO.: 9:23-CV-80908

JOHN R. BERARDINELLI, and
GIANNA BERARDINELLI,
Individuals,

      Plaintiffs,

v.

EFN WEST PALM MOTOR SALES, LLC,
d/b/a NAPLETON'S HYUNDAI,
a Florida Profit Corporation,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT FOR
FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO COMPEL ARBITRATION**

Defendant, EFN WEST PALM MOTOR SALES, LLC, d/b/a NAPLETON's HYUNDAI

("Napleton"), by and through the undersigned counsel and pursuant to both Fed. R. Civ. P. 12(b)(1)

and Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an Order dismissing the instant matter

for failure to state a claim or, in the alternative, compelling arbitration of the instant matter, and in

support thereof, states as follows:

**INTRODUCTION**

The Plaintiffs, John Berardinelli and Gianna Berardinelli (collectively, the "Berardinellis"

or the "Plaintiffs"), seek to circumvent the terms of a contractual agreement that they willingly and

knowingly entered into. However, Plaintiffs failed to satisfy certain conditions precedent prior to

the bringing of this action, and for that reason, the suit must be dismissed. The continuation of this

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 – WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

action would not only vitiate the contract between the parties but violate the policy underpinnings of basic contract law.

## FACTUAL BACKGROUND

Napleton, as a part of Napleton Automotive Group, sells and leases both used and brand-new automobiles. On July 14, 2019, the Plaintiffs became party to a leasing agreement ("the Agreement") in which they would lease a new Hyundai Sonata for a period of 35 months, with a purchase option at the conclusion—or termination—of the leasing period. *See*, Complaint [D.E. 1], ¶¶6, 7, *see also*, Agreement, attached hereto as **Exhibit A**, at 1.[1] A sum of $6000.00 was due at signing, with a payment of $320.00 to be made on the 14th of every month to follow. *Id.* If the Plaintiffs decided to exercise the purchase option at the end of the lease, they would be responsible for remitting payment for the residual value of the vehicle in the amount of $12,735.00, in addition to certain official fees. *Id.* at 2.

Critically, however, the Plaintiffs were also required to sign a Retail Lease Order ("the Order"), which was part and parcel of the lease as a whole and whose terms would control and govern "to the extent any terms" in the Order conflicted with those in the agreement proper. *See* Order, attached hereto as **Exhibit B**, at 3. The stated Terms and Conditions contained numerous detailed provisions—among them, a Mandatory Mediation provision and an Arbitration Provision. *Id.* at 3-4. The Mandatory Mediation provision of the Order reads as follows:

> Before any party institutes an action, other than one that is expressly outside the scope of the arbitration provision, the parties must first mediate the dispute before a court certified mediator, which mediation shall be conducted in the county where the Dealer is situated. The parties shall jointly select the mediator and equally

---

[1] Only portions of the Lease Agreement are attached to the Complaint as Exhibit A. The Lease Agreement in its entirety is attached hereto.

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 – WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

divide the cost of the mediation. The parties shall use good faith in selecting the mediator and participating in the mediation.

*Id.* at 3. In this way, any action that proceeds before a mediation between the disputants takes place is premature. Failing a successful mediation, the matter ripens and the Arbitration Provision operates next. It says, in relevant part:

Any claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Id.* at 4. Napleton has not waived this right, either expressly or through its actions. Nonetheless, on June 14, 2023, the Plaintiffs filed suit against Napleton because, in their telling, a previously undisclosed $3,064.78 beyond the residual value stated in the Agreement, including a $1,098.00 "Predelivery Service Charge" and a $129.00 "Electronic Registration Filing Fee," was assessed at the moment of purchase. *See* Complaint, ¶¶ 18-23. Plaintiffs assert that these discrepancies, such as they were, allegedly violated both the Consumer Leasing Act, or 15 U.S.C. § 1667a, and the Florida Deceptive and Unfair Trade Practice Act, or §§ 501.203 and 501.976 of Florida Statutes. *Id.*, ¶¶ 25-70.

Setting aside the validity of the substantive claims, the Plaintiffs additionally allege that "[a]ll conditions precedent to bringing this action have occurred or have been otherwise waived." *Id.*, ¶ 24. They have not.

## MEMORANDUM OF LAW

### I.     Legal Standard for a Motion To Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6). When a court considers such a motion,

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 – WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

the factual allegations in the complaint must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and they must be construed in the light most favorable to the plaintiff, *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019). To survive the motion, the complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). And while the complaint so attacked "does not need detailed factual allegations," there must be enough "to give the defendant fair notice of what the [] claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355, U.S. 41, 47 (1957)).

Of course, while ordinarily courts are limited to the facts contained in the complaint and any attached exhibits, they may also take heed of other documents referred to in the complaint if they are both central to the plaintiff's claim and of irrefragable authenticity. *See Reed v. Royal Caribbean Cruises, Ltd.*, 618 F. Supp. 1346, 1352 (S.D. Fla. 2022); *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("In deciding whether a complaint states a claim upon which relief may be granted, we normally consider all documents that are attached to the complaint or incorporated into it by reference."); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("Our Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine . . . under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment [where] the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.").

**A. Plaintiff's Claims Stemming from Alleged Violations of the Consumer Leasing Act and the Florida Deceptive and Unfair Trade Practices Act Should Be Dismissed Because the Parties Have Not Yet Mediated the Dispute.**

This Court has consistently maintained that "where the parties' agreement requires mediation as a condition precedent to arbitration or litigation, the complaint must be dismissed."

*Mullales v. Aspen Am. Ins. Co.*, 2018 WL 6270974, at *2 (S.D. Fla. 2018). Indeed, mediations clauses are described as contractual in nature; thus, the intent of the parties to submit a dispute to mediation must be manifest from the language of the clause. *See 3-J Hosp., LLC v. Big Time Design, Inc.*, 2009 WL 3586830, at *1 (S.D. Fla. 2009). If the clause is worded broadly, courts are to resolve any doubts in favor of mediation. *Id.* (citing *Solvay Pharm., Inc. v. Duramed Pharm., Inc.*, 442 F.3d 471, 482 n.10 (6th Cir. 2006).

In the matter sub judice, the Order that is part of the Lease clearly states that "[b]efore *any* party institutes an action . . . the parties must first mediate the dispute before a court certified mediator." (emphasis added). The Plaintiffs did not initiate this presuit requirement, but instead, filed their action against Napleton once their cause of action supposedly accrued, despite the plain language of the Order providing otherwise. Such an open and obvious contravention of the parties' express agreement as embodied in the Order cannot be permitted, and thus, Napleton's motion to dismiss for failure to state a claim could and should be granted on these grounds alone.

    **B. Plaintiff's Claims Stemming from Alleged Violations of the Florida Deceptive and Unfair Trade Practices Act Should Be Dismissed Without Prejudice Because the Requirements of Section 501.98 of Florida Statutes Have Not Been Complied With.**

Section 501.98(1) of Florida Statutes states that "as a *condition precedent* to initiating any civil litigation . . . arising under [the Consumer Protection] chapter against a motor vehicle dealer, which may also include . . . its agents, . . . a claimant must give the dealer a written demand letter at least 30 days before initiating the litigation." This demand letter, "which must be completed in good faith," must contain the name, address, and telephone number of the claimant; the name and address of the dealer; a description of the underlying facts; the amount of damages or an estimate; and "all transaction or other documents upon which the claim is based." Fla. Stat. § 501.98(1). Failure to comply with this demand letter requirement offers ample grounds for dismissal in federal

court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (holding that state law must be applied even in cases of supplemental jurisdiction) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). *But see In re Toyota RAV4 Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1107 (denying Defendant's motion to dismiss because it was a manufacturer, not a dealer, employee or agent.) Simply put, as a condition precedent to filing, this demand letter is not optional, and by the terms of the statute—or absence of them—not so easily waived.

In the case before this Court, the Plaintiff did not send that demand letter, despite an explicit reminder to do so in the Order itself. The Plaintiffs' signature under this portion of the Order makes plain that it was both noted and understood, and the indication in their complaint that the demand letter was, in fact, sent or that this requirement was somehow waived by the Defendant is not supportable by anything in the record.

## II.     Legal Standard for a Motion To Compel Arbitration

While an agreement to arbitrate does not divest a court of subject matter jurisdiction, *Lincoln Nat'l Life Ins. Co. v. Sussman*, 775 F. App'x 969, 972 n.4 (11th Cir. 2019), courts are able to treat motions to compel arbitration as motions under Fed. R. Civ. P. 12(b)(1) to dismiss for lack of subject matter jurisdiction, *Babcock v. Neutron Holdings, Inc.*, 454 F. Supp. 3d 1222, 1228 (S.D. Fla. 2020) ("A motion to compel arbitration is treated as a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction."). When deciding whether the parties agreed to arbitrate a matter, courts are to look to and apply ordinary state-law principles that govern the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 – WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

**A. Defendant's Motion To Compel Arbitration Should Be Granted Because a Valid Arbitration Clause Is In Effect, and the Defendant Has Not Waived Its Entitlement To Seek Arbitration.**

In Florida, when determining whether to compel arbitration pursuant to a motion, a court must consider (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). All the while, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitrations." *Kemiron Atl., Inc. v. Aguakem Intern., Inc.*, 290 F.3d 1287, 1290 (11th Cir. 2002) (quoting *Moses H. Cone Mem'l. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). Thus, unless the intent of the parties as embodied in the language indicates otherwise, an arbitration clause will generally be found to be a condition precedent to filing suit. *See Kemiron*, 290 F.3d at 1290. A waiver is established only where the totality of the circumstances show that the party acted inconsistently with its right to arbitrate and, by doing so, in some way prejudiced the other party. *Thomas v. United Wis. Life Ins. Co.*, 348 F. Supp. 2d 1320, 1321 (M.D. Fla. 2004) (citing *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002).

In this case, a valid and enforceable agreement to arbitrate indubitably exists, and the Plaintiffs have offered no evidence to suggest it is not enforceable. Once the Plaintiffs signed the very page on which it is provided, they became party to this agreement. In addition, it is also clear that the claims that have been made by the Plaintiffs come within the sweep of what would be considered an arbitrable issue under the language of the provision. Indeed, we do have a claim between the Plaintiffs and Napleton which appears at this stage to "arise[] out of or relate[] to" their "purchase . . . of [the] Vehicle, [the] Order and Agreement or any resulting transaction or relationship." Finally, the Plaintiffs have offered no evidence, and there is nothing in the record to

7

even suggest, that the Defendant has waived its right to exercise this arbitration right within the contract. And for those reasons, the Defendant's Motion To Compel Arbitration should be granted.

**WHEREFORE,** Defendant, EFN WEST PALM MOTOR SALES, LLC, d/b/a NAPLETON's HYUNDAI, respectfully requests that this Court enter an order dismissing all claims in Plaintiffs' Complaint or, in the alternative, compelling arbitration consistent with the express terms within the leasing Order and granting any other relief this Court deems just and proper.

Dated: July 5, 2023

Respectfully submitted,

**COLE, SCOTT & KISSANE, P.A.**
Esperanté Building
222 Lakeview Avenue. Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By:      */s/ Justin B. Levine*_____
JUSTIN B. LEVINE (Fla. Bar No.: 106463)
justin.levine@csklegal.com
RYAN S. KELLY II (Fla. Bar No.: 125414)
ryan.kelly@csklegal.com

## CERTIFICATE OF CONFERENCE UNDER LOCAL RULE 7.1(a)(3)

Counsel for Defendant conferred with counsel for Plaintiffs via email on July 5, 2023, in a good faith effort to resolve the issues raised in this Motion and regarding the relief sought herein. Plaintiffs oppose the Motion and the relief requested herein.

.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on July 5, 2023, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. It is also certified the foregoing document is being served on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner, or a combination thereof, so as to comply with the requirements of Local Rule 5.4 and other applicable rules and procedures.

By:    */s/ Justin B. Levine*_____

Justin B. Levine

## SERVICE LIST

**Darren R. Newhart**
Newhart Legal, P.A.
Florida
14611 Southern Blvd.
Suite 1351
Loxahatchee, FL 33470
561-331-1806
Email: darren@newhartlegal.com

**Sarah Cibula Feller**
Keen Law Group
500 S. Australian Avenue
Suite 529
West Palm Beach, FL 33401
5613316515
Email: sarah@newhartlegal.com

**Joshua E. Feygin**
Joshua Feygin, PLLC
1800 E. Hallandale Bch. Blvd.
#85293
Hallandale Beach, FL 33009
9542285674

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 – WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX

Fax: 9542285674
Email: josh@jfeyginesq.com

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 – WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 – (561) 683-8977 FAX