UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-80908-CV-MIDDLEBROOKS

JOHN T. BERARDINELLI,
and GIANNA BERARDINELLI,
Individuals

      Plaintiffs,

vs.

EFN WEST PALM MOTOR SALES LLC.,
d/b/a NAPLETON'S HYUNDAI,
a Florida Profit Corporation,

      Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant EFN West Palm Motor Sales, LLC d/b/a Napleton's Hyundai's ("Napleton's") Motion to Dismiss the Plaintiffs' Complaint for Failure to State a Claim or, Alternatively, to Compel Arbitration. (DE 11). The Motion is fully briefed. (DE 12 ("Response"); DE 14 ("Reply")). For the reasons set forth below, the Motion is GRANTED IN PART.

    **I.**    **BACKGROUND**

This case arises out of a vehicular lease. In July 2019, Napleton leased a "2019 Hyundai Sonata vehicle" ("vehicle") to Plaintiffs John R. Berardinelli and Fianna Berardinelli ("the Berardinellis"). (DE 1 at ¶ 6 ("Compl.")). The lease provided the Berardinellis with "the option to buy the Vehicle at the end of the lease term . . . ." (*Id.* ¶ 8). The lease listed the total purchase option price as $12,735.00 and "did not disclose any other fees or costs to be added to the Purchase Option Price . . . ." (*Id.* ¶¶ 9–10). The lease also imposed a $1,098 "pre-delivery service fee" that

failed to provide the following disclosure: "This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale." (*Id.* ¶ 13 (quoting Fla. Stat. § 501.976(18)). The Berardinellis contend that without the disclosure, this fee was illegal. (*See id.* ¶ 14).

The lease also included a lengthy arbitration provision. The provision included the following language:

> "Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this Order and Agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Order and Agreement) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

(DE 16, Ex. 2, 8 ("Arbitration Agreement")).

At the end of the lease term in June of 2022, the Berardinellis purchased the vehicle. (*See* Compl. ¶ 18). Napleton charged the Berardinellis $15,799.78 to buy the vehicle, as well as $1,227.00 in "pre-delivery service fees" that consisted of a "$1,098.00 'Predelivery Service Charge,' and a $129.00 'Electronic Registration Filing Fee.'" (*Id.* ¶ 19). The Berardinellis contend that these additional fees violate the Consumer Leasing Act, 15 U.S.C. § 1667a, and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.203, 501.976. (*Id.* ¶¶ 34, 42).

In response, Napleton brought its motion to dismiss or compel arbitration. (*See* Motion 1). The Berardinellis filed their response, and Napleton replied. (*See generally* Response, Reply).

## II. LEGAL STANDARD

Whether an order should proceed to arbitration "is a matter of contract and of consent." *JPay, Inc. v. Kobel*, 904 F.3d 923, 928 (11th Cir. 2018). "[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to

arbitration." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648–49 (1986). "Where the parties have agreed to arbitrate their dispute, the job of the court — indeed, the obligation — is to enforce that agreement." *JPay*, 904 F.3d at 929.

Agreements to arbitrate are enforced pursuant to the Federal Arbitration Act ("FAA"). *See Circuit City Stores, Inc. v. Sant Clair Adams*, 532 U.S. 105, 111 (2001) ("[T]he FAA compels judicial enforcement of a wide range of written arbitration agreements."). The FAA provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

9 U.S.C. § 3. The Eleventh Circuit has determined that "when a dispute is arbitrable, entry of a § 3 stay is mandatory." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1238 (11th Cir. 2008); *see also Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.").[1]

### III. DISCUSSION

The Court first notes that the parties agree that this matter is appropriate for arbitration. The Berardinellis stated in their Response that, "[u]pon careful review of the Motion, Plaintiffs concede that arbitration can be compelled by Defendant in light of the binding arbitration

---

[1] While the Eleventh Circuit has on occasion "affirmed district court orders compelling arbitration and dismissing the underlying cases[,]"*Tuck v. Wyle CAS Grp., Inc.*, No. 5:14-CV-1282-LSC, 2014 WL 5020066, at *2 (N.D. Ala. Sept. 16, 2014), "[t]he Eleventh Circuit has previously indicated that a stay, rather than dismissal, is preferred where a stay is requested[,]" *Stephens v. Checkr, Inc.*, No. 8:19-CV-2252-T-36AAS, 2019 WL 8138178, at *8 (M.D. Fla. Nov. 25, 2019). Given Eleventh Circuit precedent, along with the plain language of the statute, I determine that it is appropriate to stay rather than dismiss a case when the case goes to arbitration.

agreement." (Response at 3). And Napleton concedes that "Plaintiffs' Response makes clear that they are in perfect agreement with Napleton that this matter should not be litigated before the Court at this time." (Reply at 4). Thus, the only issue that remains before the Court is whether to dismiss or stay the case while arbitration proceeds.

As discussed above, Eleventh Circuit precedent suggests that courts should stay, rather than dismiss, cases that are subject to arbitration. That makes the task of this Court clear — to send the case to arbitration. The Berardinellis devote the majority of their Response to contending that a stay in necessary because "there is a substantial likelihood that the AAA [the American Arbitration Association] will refuse to adjudicate the claims of the Defendant . . . ." (Response at 6). And if the AAA so refuses, "Mr. and Mrs. Berardinelli will have no recourse if this Court does not retain jurisdiction . . . ." (*Id.*). Given Eleventh Circuit precedent, this argument is extraneous, and I stay this case as a result of case law and statutory language.

The parties also disagree as to whether the Berardinellis issued a valid demand letter, as required by Florida statute. *See* Fla. Stat. § 501.98(1) ("As a condition precedent to initiating any civil litigation, including arbitration, arising under this chapter against a motor vehicle dealer . . . a claimant must give the dealer a written demand letter at least 30 days before initiating the litigation."). Since the arbitration agreement that the parties signed states that "*[a]ny* claim or dispute, whether in contract, tort, *statute* or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute) . . . which arises out of or relates to your credit application, purchase or condition of this Vehicle[,]" (Arbitration Agreement 8 (emphasis added)), shall proceed to arbitration, I decline to rule on this issue. Doing so would be in contravention of the express arbitration agreement of the parties.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim or, Alternatively, to Compel Arbitration. (DE 11) is **GRANTED IN PART**. The Parties shall arbitrate this matter consistent with the Parties' agreement.

2. This action is **STAYED** pending resolution of the arbitration.

3. The Parties shall file a joint-status report within 14 days after the arbitration award is issued.

4. The Clerk of Court shall administratively **CLOSE** this case.

   **SIGNED** in Chambers in West Palm Beach, Florida, this 1st day of August, 2023.

   _____
   Donald M. Middlebrooks
   United States District Judge